UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEILENETT H. MARKET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-4065-G |
| EXTENDED STAY AMERICA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) the defendants' motions to dismiss and for more definite statement (docket entry 8) and (2) the defendants' motion to strike appendix in support of plaintiff's response to defendants' motion to dismiss for failure to state a claim and motion for a more definite statement (docket entry 18). For the reasons stated below, the defendants' motion to dismiss is granted in part and denied in part, the defendants' motion for a more definite statement is denied, and the defendants' motion to strike appendix in support of plaintiffs' response to defendants' motion to dismiss for failure to state a claim and motion for a more definite statement is denied as moot.

# I.  BACKGROUND

The plaintiff, Leilenett Market ("Market"), was employed as a general manager

by the defendant Extended Stay America ("ESA").[*]  ESA is the owner and operator of

company-branded hotels in North America.  *See* Motion at 1.  Market was most

recently assigned to an ESA property in Mesquite, Texas.  *Id.*  The individual

defendant, Andrew Odegbaro ("Odegbaro"), was employed by ESA as a district

manager.  *See* Market's Complaint ("Complaint") ¶ 9 (docket entry 4).  He supervised

Market from December 2013 to September 2, 2014, when Market was terminated

from her job.  *Id.* ¶¶ 26, 54.

On October 29, 2014, Market filed an Equal Employment Opportunity

Commission charge alleging that she was discriminated against in violation of the

Americans with Disability Act, 42 U.S.C. § 12112 (the "ADA") and Title VII of the

Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e ("Title VII").  *Id.* ¶ 6.  On

December 28, 2015, Market filed this suit against the defendants asserting claims

under the ADA, Title VII, 42 U.S.C. §§ 1981, 1985(3) and 1986, and the Equal Pay

---

[*]        In her complaint, Market improperly named her employer as "Extended
Stay America."  The correct legal name of Market's former employer is ESA
Management, LLC, which is a wholly owned subsidiary of Extended Stay America,
Inc.  *See* Defendants' Reply Brief in Support of Their Motions to Dismiss and for
More Definite Statement ("Reply") at 3 n.7 (docket entry 19).  Market requests the
court grant her leave to amend her complaint.  *See* Plaintiff's Response to Defendants'
Motion to Strike at 5 (docket entry 20).  Since the court grants Market leave to
amend her complaint in accordance with this memorandum opinion and order,
Market shall amend her complaint to list the correct legal names of the entities she
wishes to sue.

Act, 29 U.S.C. § 206(d) (the "EPA").  *Id.* ¶¶ 65-105.  On January 28, 2016, the

defendants filed the instant motion to dismiss and for more definite statement and

brief in support thereof.  *See* Motion.  The plaintiff filed a timely response (docket

entry 13), to which the defendants served a timely reply (docket entry 19).

On March 1, 2016, the defendants filed a motion to strike (docket entry 18)

the appendix in support of plaintiff's response to defendants' motion to dismiss for

failure to state a claim and motion for a more definite statement and brief in support

thereof (docket entry 14).  The plaintiff served a timely response (docket entry 20),

to which the defendants served a timely reply (docket entry 22).  Both motions are

now ripe for consideration.

## II.  ANALYSIS

### A.  Motion to Dismiss

The defendants contend that the plaintiff failed to state a claim for relief

against them under 42 U.S.C. §§ 1985(3) and 1986.  The defendants also contend

that the plaintiff failed to state a claim for relief against Odegbaro under 42 U.S.C.

§ 1981, the ADA, Title VII, and the EPA.

#### 1.  *Rule 12(b)(6) Motion to Dismiss Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina*

*Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice

pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibilitiey of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" her claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

## 2. *42 U.S.C. § 1985(3)*

A conspiracy under § 1985(3) is an agreement between two or more persons to participate in an unlawful act or a lawful act in an unlawful manner. *Hobson v. Wilson,* 737 F.2d 1, 51 (D.C. Cir. 1984), *cert. denied*, 470 U.S. 1084 (1985). To successfully assert a claim under § 1985(3), a plaintiff must allege and prove the following: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or

deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters and Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983).  Section 1985(3) requires that "two or more persons" conspire to deprive a person of equal protection of the law.  *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).

The defendants contend that Market failed to state a claim under § 1985(3) because courts have consistently held that employees of a single legal entity cannot constitute "two or more persons."  Motion at 4.  Market asserted her § 1985(3) claim against ESA and Odegbaro, ESA's employee.  Complaint ¶¶ 97-105.  In response, Market maintains that a parent corporation and its subsidiary can be jointly liable and therefore could conspire as "two or more persons" under § 1985(3).  Plaintiff's Amended Response to Defendants' Motion to Dismiss for Failure to State a Claim and Motion for More Definite Statement ("Response") at 4-6 (docket entry 13).  Market has only sued Odegbaro and an improperly named ESA.  Market's argument fails because she has not sued two or more corporate entities.

It is well established that a "'corporation cannot conspire with itself any more than a private individual can'" and that the "'acts of the agent are the acts of the corporation.'"  *Hilliard*, 30 F.3d at 653 (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1953)); see also *United States v. St. John*, 625 F. App'x 661, 664-65 (5th Cir. 2015), *cert. denied*, __ U.S. __, 136 S. Ct. 911 (2016).  Market has only filed suit against an

employee, Odegbaro, and his employer and has not alleged that Odegbaro acted outside the principal-agent relationship. *See* Complaint ¶ 9. Market contends that Odegbaro is not an employee of ESA, citing the distinction between two corporate entities. Response at 6. Market has only sued an improperly named employer and an employee of her improperly named employer. The fact that Market improperly named her employer does not save her claim from the fact that her employer also employs Odegbaro and consequently her employer and Odegbaro cannot conspire under § 1985(3). *Hilliard*, 30 F.3d at 653. Therefore, the defendants' motion to dismiss Market's § 1985(3) claim against the defendants is granted.

### 3. *42 U.S.C. § 1986*

In order to prevail under § 1986, a plaintiff must prove all the elements of § 1985(3) and, additionally, show that a person having knowledge of a conspiracy could have prevented the wrongs that were the subject of the conspiracy by acting with reasonable diligence. *Martin v. City of Beaumont*, No. B-87-1076, 1992 WL 52571, at *17 (E.D. Tex. Feb. 19, 1992). The court's conclusion regarding the plaintiff's § 1985(3) claim are thus dispositive of the plaintiff's § 1986 claim. See *id.* Therefore, the defendants' motion to dismiss Market's § 1986 claim against the defendants is granted.

Consequently, the defendant's request that the court dismiss Market's request for attorney's fees under 42 U.S.C. § 1988, as it relates to her flawed conspiracy claims, is also granted.

### 4. *Individual Liability under Title VII*

The defendants contend that Market's claims against Odegbaro under Title VII must be dismissed because Title VII does not impose individual liability for employment discrimination, and a Title VII suit against an employee "is actually a suit against the corporation."  Motion at 5 (quoting *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)).  Market's response confusingly conflates the defendants' reasons why her claims should be dismissed under §§ 1985(3) and 1986 with their arguments for dismissing her claims against Odegbaro under Title VII, the ADA and the EPA.  Response at 4-6.  Further, Market only offers arguments regarding why two separate corporate entities can be jointly liable.  *Id.*  These arguments are irrelevant.

It is undisputed that "a party may not maintain a suit against both an employer and its agent under Title VII."  *Freeman Decorating, Inc.*, 164 F.3d at 262. Because Odegbaro is an agent of his employer, ESA, Market's Title VII claim against him is not cognizable under Fifth Circuit law.  Therefore, the defendants' motion to dismiss Market's Title VII claim as to Odegbaro is granted with prejudice.

5. *Individual Liability under § 1981*

Similarly, the defendants contend that Market's claims against Odegbaro under § 1981 should be dismissed.  Motion at 6.  The Fifth Circuit has concluded that individual liability under § 1981 extends to local government officials for decisions affecting municipal employment contracts.  See, *e.g.*, *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998); *Oden v. Oktibbeha County, Mississippi*, 246 F.3d 458, 464-65 (5th Cir.), *cert. denied*, 534 U.S. 948 (2001).  The Fifth Circuit has not determined the "outer boundaries of § 1981 liability as it applies to individual non-employer defendants, nor to attempt to catalogue every fact situation which might subject an individual to such liability."  *Foley v. University of Houston System*, 355 F.3d 333, 338 (5th Cir. 2003) (citations omitted).

Market has not provided, and this court is not aware of, any case in which a court found a private sector employee liable under § 1981 in his individual capacity. Further, the Fifth Circuit has stated that the "inquiry into intentional discrimination is essentially the same for individual actions brought under sections 1981 and 1983, and Title VII." *Blackwell v. Laque*, 275 F. App'x 363, 367 (5th Cir. 2008) (quoting *Lauderdale v. Texas Department of Criminal Justice, Institutional Division*, 512 F.3d 157, 166 (5th Cir. 2007)).  As the court previously concluded, Title VII does not impose liability on agents of a corporation in their individual capacities.  *See* Section II.A.4. Therefore, the court will not extend liability under § 1981 to a private sector

employee in his individual capacity here.  The defendants' motion to dismiss

Market's § 1981 claim as to Odegbaro is granted with prejudice.

### 6.  *Individual Liability under the ADA*

The defendants contend that Market's ADA claim against Odegbaro must be

dismissed.  Motion at 5-6.  The defendants cite cases from several district courts in

the Fifth Circuit, as well as other circuit courts, that have expressly held that the ADA

does not impose individual liability on an employee or supervisor because the Fifth

Circuit has not expressly addressed the question.  *Id.*  Market does not cite any cases

to refute the defendants' contention.  Therefore, the court will act in accordance with

other district courts in this circuit and other circuits in holding that an employee

cannot be liable in his individual capacity under the employment provisions of the

ADA.  See, *e.g., McLennan v. Oncor Electric Delivery Company LLC*, No. 3:12-CV-0531-

G (BF), 2012 WL 3072340, at *3 (N.D. Tex. July 6, 2012) (Stickney, Mag. J.), *report*

*and recommendation adopted,* No. 3:12-CV-0531-G (BF), 2012 WL 3079063 (N.D.

Tex. July 30, 2012) (Fish, J.), *aff'd sub nom., McLennan v. Veitch*, 519 F. App'x 260

(5th Cir. 2013); *Jenkins v. Board of Education of Houston Independent School District*, 937

F. Supp. 608, 613 (S.D. Tex. 1996); *Webster v. Board of Supervisors of University of*

*Louisiana System*, No. CIV. A. 13-6613, 2014 WL 3899554, at *4 (E.D. La. Aug. 8,

2014); *Jones v. The Washington Times*, 668 F. Supp. 2d 53, 57 (D.D.C. 2009); *U.S.*

*Equal Employment Opportunity Commission v. AIC Securities Investigations, Ltd.*, 55 F.3d

1276, 1280, 1282 (7th Cir. 1995).  The defendants' motion to dismiss Market's

ADA claim against Odegbaro is dismissed with prejudice.

### 7.  *Individual Liability under the EPA*

Lastly, the defendants contend that Market's claims against Odegbaro under

the EPA must be dismissed.  Motion at 6.  The defendants ask the court to follow

courts in other circuits that have rejected a plaintiff's attempt to impose individual

liability under the EPA, noting that the Fifth Circuit has not addressed the issue.

Motion at 6 (citing *Harris v. City of Harvey*, 992 F. Supp. 1012, 1013-14 (N.D. Ill.

1998)).  The EPA is an amendment to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq*.  *See* 29 U.S.C. § 206(d).  Market maintains that since the FLSA

has a broader definition of employer than Title VII, Odegbaro can be individually

liable under the EPA even if he cannot be individually liable under Title VII.

Response at 7.

The FLSA's definition of employer "includes any person acting directly or

indirectly in the interest of an employer in relation to an employee. . . ."  29 U.S.C.

§ 203(d).  The Fifth Circuit has specifically rejected "formalistic labels or common-

law notions of the employment relationship" in the FLSA context.  *Donovan v. Sabine*

*Irrigation Co.*, 695 F.2d 190, 194 (5th Cir.), *cert denied*, 463 U.S. 1207 (1983),

*abrogation on other grounds by*, *McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 132-

133 (1988).  Instead, the court has insisted that the analysis "must focus upon the

totality of the circumstances, underscoring the economic realities of the [employees']

employment." *Id.* "If an individual with managerial responsibilities is deemed an

employer under the FLSA, the individual may be jointly and severally liable for

damages resulting from the failure to comply with the FLSA." *Lee v. Coahoma County,*

*Mississippi*, 937 F.2d 220, 226 (5th Cir. 1991), *modified on other grounds*, 37 F.3d 1068

(5th Cir. 1993).  A corporate officer need not have an ownership interest in the

company for FLSA liability.  See *Sabine Irrigation Co.*, 695 F.2d at 195.  Instead, a

court must determine whether an individual officer, who lacks "a possessory interest

in the 'employer' corporation, effectively dominates its administration or otherwise

acts, or has the power to act, on behalf of the corporation vis-a-vis its employees."

*Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (quoting *Sabine*

*Irrigation Co.*, 695 F.2d at 194-95).

The defendants' contention that "[t]he Fifth Circuit has not expressly

addressed whether an individual can be liable under the EPA", Motion at 6, is

incorrect.  The Fifth Circuit has expressly concluded that an individual can be liable

under the EPA.  See *Sabine Irrigation Co.*, 695 F.2d at 194-95.  The determination of

whether Odegbaro can be held liable under the EPA is a totality of the circumstances

test.  The defendants do not contend that under a totality of the circumstances,

Odegbaro should not be considered an employer within the statutory definition.

Therefore, the defendants' motion to dismiss Market's EPA claim against Odegbaro is denied.

### B.   Motion for More Definite Statement

The defendants maintain that they cannot adequately decipher the plaintiff's allegations underlying her Title VII claim.  Motion at 6-7.  The defendants explain that Market fails to identify the class of which she is a member, which prevents them from being able to decipher if the defendants treated those similarly situated employees who are outside of her class more favorably.  *Id.* at 6.  Market urges that the defendants waived their right to file a FED. R. CIV. P. 12(e) motion for a more definite statement since the defendants filed their answer.  Response at 1-2.  Additionally, Market insists that she adequately alleged her Title VII claim, citing specifically paragraphs 6 and 81 of her complaint.  *Id.* at 2.

The defendants filed their motion for more definite statement before they filed their answer on the same day.  In the defendants' answer, they state "This answer is filed after and subject to, but on the same day as, Defendants' Motion[s] to Dismiss and for More Definite Statement and Brief in Support Thereof."  Defendants' Answer ("Answer") at 1 n.2 (docket entry 9).  Since the defendants filed their motion for a more definite statement before they filed their answer and filed their answer subject to the motion, the defendants did not run afoul of FED. R. CIV. P. 12(e)'s requirement that a motion under it be filed before a defending party files its responsive pleading.

See *Austin v. Hood County*, No. 3:06-CV-1997-D, 2007 WL 631278, at *4 n.5 (N.D. Tex. Mar. 1, 2007) (Fitzwater, J.); *Securities and Exchange Commission v. Provident Royalties, LLC*, No. 3:09-CV-1238-L (BH), 2010 WL 3784195, at *2 (N.D. Tex. Sept. 25, 2010) (Ramirez, Mag. J.).

When a party moves under FED. R. CIV. P. 12(e) for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959); *Bruce v. Gore*, No. 3:10-CV-2173-G, 2012 WL 987556, at *1 (N.D. Tex. Mar. 22, 2012) (Fish, J.).  A more definite statement of a pleading is required when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  FED. R. CIV. P.  8(a)(2) requires that a claimant give "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under FED. R. CIV. P. 8(a)(2), a plaintiff's complaint is not required to set out detailed facts about the claim; rather, it need only notify the defendant as to the nature of the claim against it and the grounds upon which that claim rests.  See *Charles E. Beard, Inc. v. Cameronics Technology Corporation*, 120 F.R.D. 40, 41 (E.D. Tex. 1988), *aff'd sub. nom.*, *Charles E. Beard, Inc. v. McDonnell Douglas Corp.*, 939 F.2d 280 (5th Cir. 1991).

In paragraph 6 of her complaint, Market alleges that "she was terminated from her position based on her disabilities (depression, anxiety, sleep disorder and symptoms attributed to stress), race (Black), national origin (American) and gender (Female)." Complaint ¶ 6. In paragraph 81 of her complaint, Market incorporates paragraphs 1-80. *Id.* ¶ 81. "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Here, even though the defendants conditioned their answer on their motion for a more definite statement, the defendants adequately responded to each allegation in paragraph 6 and throughout the whole complaint. *See generally* Answer.

Market, however, improperly named her corporate employer in the complaint. *See* Complaint at 1. The defendants have requested that Market amend her complaint to properly name the entities she wishes to sue. *See* Answer at 1 n.1; Motion at 1 n.1. Additionally, the court has dismissed Market's §§ 1985(3) and 1986 claims against the defendants without prejudice. Therefore, Market has leave to amend her complaint. FED. R. CIV. P. 15(a)(2) (Courts should "freely give leave [to amend] when justice so requires."); *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent

litigation from becoming a technical exercise in the fine points of pleading.").  Since Market needs to amend her complaint to properly file suit against the correct legal entity[ies], Market should also take this opportunity to clarify her allegations and causes of action to the extent possible.

The defendants' motion for a more definite statement is denied.  See *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) ("[The plaintiff's] complaint is not a model of clarity, but it has given defendants enough information to file their answers and two extensive motions to dismiss.  The motion for more definite statement is therefore denied.").

## C.  Motion to Strike

Lastly, the defendants move the court to strike the appendix in support of plaintiff's response to defendants' motion to dismiss for failure to state a claim and motion for a more definite statement and brief in support thereof.  Defendants' Motion to Strike Appendix in Support of Plaintiff's Response to Defendants' Motion to Dismiss for Failure to State a Claim and Motion for More Definite Statement and Brief in Support Thereof at 2 (docket entry 18).   The defendants contend that the court is limited to the allegations set forth in the complaint and any documents attached to the complaint when deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6).  *Id.* at 2.

When considering a motion to dismiss for failure to state a claim under FED. R.

CIV. P. 12(b)(6), the court may not go outside of the complaint, but it may consider

documents attached to the complaint.  *Kennedy v. Chase Manhattan Bank USA, NA*,

369 F.3d 833, 839 (5th Cir.), *cert. denied*, 543 U.S. 995 (2004).  The court did not go

outside of the complaint in reaching its conclusions regarding the defendants' motion

to dismiss or motion for a more definite statement.  Therefore, the defendants'

motion to strike appendix in support plaintiff's response to defendants' motion to

dismiss for failure to state a claim and motion for more definite statement is denied

as moot.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss plaintiff's 42

U.S.C. §§ 1985(3) and 1986 claims is **GRANTED**, and the plaintiff's 42 U.S.C.

§§ 1985(3) and 1986 claims are **DISMISSED** without prejudice.  The defendants'

motion to dismiss the plaintiff's Title VII, 42 U.S.C. § 1981 and ADA claims against

Odegbaro is **GRANTED**, and the plaintiff's Title VII, § 1981 and ADA claims

against Odegbaro are **DISMISSED** with prejudice.  The defendants' motion to

dismiss the plaintiff's EPA claim against Odegbaro is **DENIED**.

The defendants' motion for a more definite statement is **DENIED**.  The

defendants' motion to strike appendix in support plaintiff's response to defendants'

- 17 -

motion to dismiss for failure to state a claim and motion for more definite statement is **DENIED** as moot.

Within ten days of this date, the plaintiff shall amend her complaint to allege her employer's correct legal name.

**SO ORDERED**.

May 19, 2016.

A. JOE FISH
**Senior United States District Judge**

- 18 -